# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUA VANG,<br>　　　　　　Petitioner,<br><br>　　　v.<br><br>TOM. L. CAREY, Warden,<br><br>　　　　　　Respondent. | 1:05-cv-01358-LJO-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE<br>PETITION SHOULD NOT BE DISMISSED<br>FOR UNTIMELINESS |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On October 27, 2005, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California. (Doc. 1).

## DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).   The Ninth Circuit held that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst, 260

F.3d at 1041-1042 (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to the AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on October 27, 2005; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

///

1       Here, Petitioner asserts that he was convicted on July 11, 2000, and that he did not file a
2  direct appeal. Petitioner's conviction became final on the date when the time for filing an appeal
3  expired. Kapral v. United States, 166 F.3d 565, 575-577 (3d Cir. 1999); see United States v.
4  Wilson, 256 F.3d 217, 221 (4th Cir. 2001). In California, a conviction becomes final sixty days
5  after the superior court proceedings have concluded. See former California Rules of Court, Rule
6  31(d); Lewis v. Mitchell, 173 F.Supp. 2d 1057, 1060 (C.D. Cal. 2001). In this case, the sixty-day
7  period expired, and Petitioner's conviction became final on September 9, 2000, i.e., sixty days
8  after his conviction. Thereafter, Petitioner would have one year, or until September 9, 2001,
9  within which to file his federal petition. The instant petition was filed on October 27, 2005, or
10 more than four years after the one-year AEDPA period had expired. Thus, unless Petitioner has
11 been "saved" by either statutory or equitable tolling under the AEDPA, his petition is untimely
12 and should be dismissed.
13      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
14 application for State post-conviction or other collateral review with respect to the pertinent
15 judgment or claim is pending shall not be counted toward" the one year limitation period. 28
16 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner
17 is normally entitled to one "full round" of collateral review in state court without federal
18 interference. While the "full round" is properly in progress, the AEDPA's one-year statute is
19 tolled.). Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003).
20      It appears that Petitioner commenced a "round" of state habeas proceedings on April 27,
21 2005 in the Superior Court for the County of San Joaquin, and concluded when the California
22 Supreme Court denied his habeas petition on August 31, 2005. (Doc. 1, pp. 14; 20). Thus, he
23 would be entitled to statutory tolling for a period of 126 days. That, however, would still leave
24 over three and one-half years un-tolled. Thus, unless Petitioner is entitled to equitable tolling for
25 that entire period of time, the petition is untimely under the AEDPA.
26      The limitations period is subject to equitable tolling if "extraordinary circumstances
27 beyond a prisoner's control" have made it impossible for the petition to be filed on time.
28 Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), cert. denied, 526 U.S. 1060

(1999); Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), as amended on denial of rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on different grounds in Calderon v. United States District Court, 163 F. 3d 530  (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).   In order to win equitable tolling, a prisoner must demonstrate that "extraordinary circumstances beyond [his] control" made it "impossible to file a petition on time."  (Beeler), 128 F.3d at 1288.  In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." Recently, the Ninth Circuit reaffirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).  In that case, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-defendant" and that the petitioner "bears the burden of showing that equitable tolling is appropriate."  Id.

   The instant petition claims that under the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), Petitioner is entitled to request a modification of sentence to comply with the Supreme Court's opinion in that case. (Doc. 2).  Presumably, Petitioner does not believe he could have raised this claim prior to the Supreme Court's decision in Blakely, and thus, implicitly, he believes he is entitled to equitable tolling up to the date of the Blakely decision that would make his petition timely.  Petitioner's assumption is incorrect for several reasons.

   First, Blakely was decided on June 24, 2004, but Petitioner did not file the instant petition until October 27, 2005, approximately sixteen months *after* Blakely.  Thus, even were Petitioner entitled to equitable tolling up to June 24, 2004, his petition would nevertheless be untimely.
///

  Second, the underlying claim in <u>Blakely</u>, i.e., that the Sixth Amendment bars any sentence exceeding the statutory maximum that is based upon facts not pleaded and proved beyond a reasonable doubt and not submitted to a jury for its determination, was known and understood well before <u>Blakely</u> was decided. In <u>Blakely</u>, the Supreme Court applied <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), to invalidate a Washington state sentence that was more than three years above the statutory maximum and was supported by facts determined by the trial court and not a jury. <u>Blakely</u>, 542 U.S. at 303-306. Similarly, a year later, in <u>United States v. Booker</u>, 543 U.S. 220 (2005) the Supreme Court once again reaffirmed its holding in <u>Apprendi</u>: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S.Ct. at 756, <u>citing</u> <u>Apprendi</u>, 530 U.S. at 488-490.

  Thus, although Petitioner implicitly suggests that his claim derives from a "new" basis for relief established by <u>Blakely</u>, his challenge is in fact ultimately based on the earlier holding in <u>Apprendi</u>, and <u>Apprendi</u> is not a new rule of constitutional law. It was decided on June 26, 2000, *prior* to Petitioner's conviction. In other words, Petitioner could have raised the underlying constitutional claim set forth in <u>Apprendi</u> either in his direct appeal in state court or on collateral review in state court, and such challenges would have been entitled to statutory tolling under the AEDPA. Thereafter, Petitioner could have raised his claim in a timely federal petition. That he did not do so until prompted by the Supreme Court's decision in <u>Blakely</u>, and that he then waited an additional sixteen months to file his petition, does not excuse his untimeliness nor does it demonstrate "but-for" causation for being untimely.

  Therefore, Petitioner has not demonstrated that extraordinary circumstances beyond his control prevented him from timely filing this petition. Moreover, even were the petition to somehow be deemed timely under the AEDPA, Petitioner's attempt to raise a <u>Blakely</u> issue in these habeas proceedings would be unavailing because neither <u>Apprendi</u>, <u>see</u> <u>Harris v. United States</u>, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that <u>Apprendi</u> has retroactive effect."); <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664 (9th

Cir.2002) (the ruling in <u>Apprendi</u> does not apply retroactively to initial petitions for collateral review), nor <u>Booker</u>, see <u>Carrington v. U.S.</u>, 470 F.3d 920, 923 (9th Cir. 2006); <u>United States v. Cruz</u>, 423 F.3d 1119, 1121 (9th Cir. 2005), nor <u>Blakely</u>, see <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005), have been given retroactive application to cases on collateral review, such as the instant case.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE why the instant petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). Petitioner is GRANTED thirty (30) days from the date of service of this order to respond.

IT IS SO ORDERED.

Dated:   **April 6, 2007**                             **/s/ Theresa A. Goldner**
**j6eb3d**                                             UNITED STATES MAGISTRATE JUDGE